1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9   BHAJAN SINGH BARIANA,

10          Plaintiff,                    No. CIV S-11-3381 GEB DAD PS

11      v.

12   G. HARDY ACREE,                     ORDER

13          Defendant.

14   _____/

15          Plaintiff Bhajan Singh Bariana, proceeding in this action pro se, has requested

16   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This matter was referred to the

17   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

18          Plaintiff has submitted an in forma pauperis application that make the showing

19   required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies

20   financially for in forma pauperis status does not complete the inquiry required by the statute.  The

21   court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to

22   be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on

23   which relief may be granted, or seeks monetary relief against an immune defendant.  See 28

24   U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in

25   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

26   28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

1

1  based on an indisputably meritless legal theory or where the factual contentions are clearly

2  baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

3          To state a claim on which relief may be granted, the plaintiff must allege "enough

4  facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

5  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

6  accepts as true the material allegations in the complaint and construes the allegations in the light

7  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

8  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

9  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

10  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

11  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

12  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

13          The minimum requirements for a civil complaint in federal court are as follows:

14          A pleading which sets forth a claim for relief . . . shall contain (1) a
            short and plain statement of the grounds upon which the court's
15          jurisdiction depends . . . , (2) a short and plain statement of the
            claim showing that the pleader is entitled to relief, and (3) a
16          demand for judgment for the relief the pleader seeks.

17  Fed. R. Civ. P. 8(a).

18          Here, plaintiff's filing is deficient in several respects.  First, the complaint does

19  not contain a short and plain statement of the grounds upon which the court's jurisdiction

20  depends.  Jurisdiction is a threshold inquiry that must precede the adjudication of any case before

21  the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d

22  1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate

23  only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

24  /////

25  /////

26  /////

2

377 (1994); <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  <u>Casey v. Lewis</u>, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  <u>Attorneys Trust v. Videotape Computer Prods., Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction."  <u>Dittman v. California</u>, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements."  <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  <u>See Morongo</u>, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  <u>Kokkonen</u>, 511 U.S. at 377; <u>see also</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; <u>see also</u> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 697-99 (1992).

1    be conferred by federal statutes regulating specific subject matter.  District courts have "original

2    jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

3    States." 28 U.S.C. § 1331.  "Most federal-question jurisdiction cases are those in which federal

4    law creates a cause of action.  A case may also arise under federal law where 'it appears that

5    some substantial, disputed question of federal law is a necessary element of one of the well-

6    pleaded state claims.'"  Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise

7    Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)).  The

8    "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal

9    question is presented on the face of the plaintiff's properly pleaded complaint.  California v.

10   United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

11           "'Arising under' federal jurisdiction only arises . . . when the federal law does

12   more than just shape a court's interpretation of state law; the federal law must be *at issue*."  Int'l

13   Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere

14   presence of a federal issue does not automatically confer federal-question jurisdiction, and

15   passing references to federal statutes do not create a substantial federal question.  Lippitt v.

16   Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion

17   Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).  "When a claim can be supported by alternative and

18   independent theories – one of which is a state law theory and one of which is a federal law theory

19   – federal question jurisdiction does not attach because federal law is not a necessary element of

20   the claim."  Rains, 80 F.3d at 346.  See also Lippitt, 340 F.3d at 1043.

21           Second, plaintiff's complaint does not state a cause of action or allege the factual

22   allegations underlying that cause of action plainly or succinctly.  In this regard, the complaint

23   filed with this court by plaintiff merely sets forth a short statements of facts followed by a section

24   identified as "CHARGES" and alleging various "Count[s]."  (Compl. (Doc. No. 1) at 6.)  For

25   example, "Count 2" states that "[t]he Director of Airports has been a Party to the faulty system as

26   he has Done everything he could do, to promote the system and keep it continued."  (Id.)

4

1    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

2    complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

3    state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

4    Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

5    and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

6    does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

7    enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting

8    Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity

9    overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at

10   649.  Under these standards, a complaint should state identifiable causes of action and allege

11   facts that satisfy the elements of those causes of action both plainly and succinctly, alleging

12   specific acts engaged in by the defendant that would support plaintiff's claim.

13          Finally, the complaint before the court alleges that plaintiff "feels that his Civil

14   Rights have been violated . . . under 42. USC Article 1983" by defendant G. Hardy Acree who

15   "is an officer of the County of Sacramento, working in the capacity of the Director of Airports

16   . . ." (Compl. (Doc. No. 1) at 1-2.)

17          Title 42 U.S.C. § 1983 provides that,

18          [e]very person who, under color of [state law] . . . subjects, or
             causes to be subjected, any citizen of the United States . . . to the
19          deprivation of any rights, privileges, or immunities secured by the
             Constitution and laws, shall be liable to the party injured in an
20          action at law, suit in equity, or other proper proceeding for redress.

21          In order to state a cognizable claim under § 1983 the plaintiff must allege facts

22   demonstrating that he was deprived of a right secured by the Constitution or laws of the United

23   States and that the deprivation was committed by a person acting under color of state law.  West

24   v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to

25   allege, and ultimately establish, that the named defendants were acting under color of state law

26   when they deprived him of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

1    The statute requires that there be an actual connection or link between the actions

2 of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

3 Dep't of Soc. Servs. City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

5 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

6 omits to perform an act which he is legally required to do that causes the deprivation of which

7 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8    Moreover, supervisory personnel are generally not liable under § 1983 for the

9 actions of their employees under a theory of respondeat superior and, therefore, when a named

10 defendant holds a supervisorial position, the causal link between him and the claimed

11 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

12 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

13 allegations concerning the involvement of official personnel in civil rights violations are not

14 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15    "To establish municipal liability under § 1983, a plaintiff must show that (1)[he]

16 was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a

17 deliberate indifference to [his] constitutional right; and (4) the policy was the moving force

18 behind the constitutional violation."  Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir.

19 2009).  "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his

20 constitutional injury was caused by employees acting pursuant to an official policy or

21 longstanding practice or custom, or that the injury was caused or ratified by an individual with

22 final policy-making authority."  Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1151

23 (9th Cir. 2011) (internal quotation marks and citation omitted).  See also Monell, 436 U.S. at

24 694.

25    The complaint before the court fails to comply with these standards.

26 Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot say that it appears beyond doubt that leave to amend would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede

the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff's amended complaint must include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's December 21, 2011, application to proceed in forma pauperis (Doc. No. 2) is denied without prejudice.[2]

2.  The complaint filed December 21, 2011 (Doc. No. 1) is dismissed with leave to amend.

3.  Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

4.  Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: April 20, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\bariana3381.ifp.ord

---

[2]  If plaintiff elects to file an amended complaint, plaintiff may submit a new application to proceed in forma pauperis or pay the required filing fee.