IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BHAJAN SINGH BARIANA,

    Plaintiff,                         No. CIV S-11-3381 GEB DAD PS

    v.

G. HARDY ACREE,                  FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        By order signed April 23, 2012, plaintiff's pro se complaint was dismissed and leave was granted to file an amended complaint that cured the defects noted in that order. Plaintiff was granted thirty days from the date of the order to file an amended complaint and was cautioned that failure to respond to the court's order in a timely manner may result in a recommendation that this action be dismissed. The thirty day period has expired, and plaintiff has not filed an amended complaint.

        However, on April 24, 2012, plaintiff did file a motion for a preliminary injunction with this court. (Doc. No. 5.) "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

1

1  balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans,
2  Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). See also
3  Center for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter,
4  'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a
5  preliminary injunction."); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052
6  (9th Cir. 2009). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate
7  when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the
8  balance of hardships tips sharply in the plaintiff's favor." Alliance for Wild Rockies v. Cottrell,
9  632 F.3d 1127, 1134-35 (9th Cir. 2011) (quoting Lands Council v. McNair, 537 F.3d 981, 97
10 (9th Cir. 2008) (en banc)).[1]

11    Here, plaintiff's complaint was dismissed with leave to amend and plaintiff has
12 failed to file an amended complaint in the time provided. Accordingly, the undersigned finds
13 that it is unlikely that plaintiff will succeed on the merits of the claims alleged in his complaint.
14 See Hawthorne v. Mendoza-Power, No. 1:07-cv-01101-LJO-DLB PC, 2012 WL 1413581, at *1
15 (E.D. Cal. Apr. 23, 2012) (recommending denial of plaintiff's motion for preliminary injunction
16 because the original complaint had been dismissed for failure to state a claim, there was no
17 operative pleading before the court and therefore plaintiff had failed to demonstrate a likelihood
18 of success on the merits). For the same reasons, the court finds that plaintiff has not raised
19 serious questions with respect to the merits of his claims. Accordingly, the undersigned will
20 recommend that plaintiff's motion for a preliminary injunction be denied.
21    Accordingly, IT IS HEREBY RECOMMENDED that:
22 /////
23
---
[1] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

1. Plaintiff's April 24, 2012 motion for a preliminary injunction (Doc. No. 5) be denied; and

2. This action be dismissed without prejudice. <u>See</u> Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 12, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\bariana3381.fta.f&rs

3