1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9    BHAJAN SINGH BARIANA,

10              Plaintiff,                    No. CIV S-11-3381 GEB DAD PS

11        v.

12   G. HARDY ACREE,                         FINDINGS AND RECOMMENDATIONS

13              Defendant.

14   _____/

15            By order signed April 23, 2012, plaintiff's pro se complaint was dismissed and

16   leave was granted to file an amended complaint that cured the defects noted in that order.

17   Plaintiff was granted thirty days from the date of the order to file an amended complaint and was

18   cautioned that failure to respond to the court's order in a timely manner may result in a

19   recommendation that this action be dismissed.  The thirty day period has expired, and plaintiff

20   has not filed an amended complaint.

21            However, on April 24, 2012, plaintiff did file a motion for a preliminary

22   injunction with this court.  (Doc. No. 5.)  "[I]njunctive relief [is] an extraordinary remedy that

23   may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v.

24   Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  "The proper legal standard for

25   preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the

26   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

                                            1

1   balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans,

2   Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).  See also

3   Center for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter,

4   'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a

5   preliminary injunction."); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052

6   (9th Cir. 2009).  The Ninth Circuit has also held that "[a] preliminary injunction is appropriate

7   when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the

8   balance of hardships tips sharply in the plaintiff's favor."  Alliance for Wild Rockies v. Cottrell,

9   632 F.3d 1127, 1134-35 (9th Cir. 2011) (quoting Lands Council v. McNair, 537 F.3d 981, 97

10  (9th Cir. 2008) (en banc)).[1]

11              Here, plaintiff's complaint was dismissed with leave to amend and plaintiff has

12  failed to file an amended complaint in the time provided.  Accordingly, the undersigned finds

13  that it is unlikely that plaintiff will succeed on the merits of the claims alleged in his complaint.

14  See Hawthorne v. Mendoza-Power, No. 1:07-cv-01101-LJO-DLB PC, 2012 WL 1413581, at *1

15  (E.D. Cal. Apr. 23, 2012) (recommending denial of plaintiff's motion for preliminary injunction

16  because the original complaint had been dismissed for failure to state a claim, there was no

17  operative pleading before the court and therefore plaintiff had failed to demonstrate a likelihood

18  of success on the merits).  For the same reasons, the court finds that plaintiff has not raised

19  serious questions with respect to the merits of his claims.  Accordingly, the undersigned will

20  recommend that plaintiff's motion for a preliminary injunction be denied.

21              Accordingly, IT IS HEREBY RECOMMENDED that:

22  /////

23  

24      [1]  The Ninth Circuit has found that this "serious question" version of the circuit's sliding
    scale approach survives "when applied as part of the four-element Winter test." Alliance for Wild

25  Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011).  "That is, 'serious questions going to
    the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance

26  of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of
    irreparable injury and that the injunction is in the public interest." Id. at 1135.

1          1.  Plaintiff's April 24, 2012 motion for a preliminary injunction (Doc. No. 5) be

2   denied; and

3          2.  This action be dismissed without prejudice.  <u>See</u> Local Rule 110; Fed. R. Civ.

4   P. 41(b).

5          These findings and recommendations will be submitted to the United States

6   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

7   fourteen days after being served with these findings and recommendations, plaintiff may file

8   written objections with the court.  A document containing objections should be titled "Objections

9   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

10  objections within the specified time may waive the right to appeal the District Court's order.  <u>See</u>

11  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: June 12, 2012.

14  _____

15  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

18  DAD:6
    Ddad1\orders.pro se\bariana3381.fta.f&rs

3